1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9  WILLIAM AIELLO,                    )
                                      )
10           Plaintiff,               )          2:08-cv-01729-HDM-RJJ
                                      )
11 vs.                                )
                                      )        **O R D E R**
12 THE KROGER COMPANY, an Ohio        )
   corporation, dba RALPHS GROCERY    )
13 COMPANY d/b/a/ FOOD 4 LESS STORE   )
   #790,                              )
14                                    )
              Defendants.             )
15 _____)

16        This matter is before the Court on Plaintiff William Aiello's Motion for Spoliation of

17 Evidence (#23).  The Court has considered Plaintiff's Motion (#23); Defendant's Response (#25);

18 Plaintiff's Reply (#26); and arguments presented during a hearing on the matter.

19                              **BACKGROUND**

20        This is a personal injury action wherein Plaintiff William Aiello alleges that he sustained

21 injuries as a result of a slip-and-fall on Defendant Food 4 Less' premises.  Aiello seeks an order for

22 an adverse inference due to Food 4 Less' "loss" of a surveillance video.  Aiello also seeks an order

23 precluding Food 4 Less employees who claim to have reviewed the surveillance video from offering

24 testimony based upon that review.

25        The events giving rise to this litigation occurred on August 4, 2006, when, according to

26 Aiello, he "tripped and fell over a stocking cart" positioned "directly behind [him] ... while his back

27 was turned."  *See* Plaintiff's Motion (#23) at 3.  Immediately after the alleged incident, Aiello filled

28 out an accident report.  The incident was also recorded on video by a Food 4 Less surveillance

1   camera.   The surveillance video was reviewed by Food 4 Less employees, including the store

2   director.  After reviewing the accident report and surveillance video, the materials were sent to Risk

3   Management Division at Food 4 Less' corporate headquarters in Compton, CA.  During the course

4   of discovery, Food 4 Less disclosed that it had "lost" the surveillance video.

5        Food 4 Less argues that an adverse inference instruction is not warranted in this case because

6   the surveillance video was not wilfully lost or destroyed.  Food 4 Less also argues that, even if the

7   Court permits an adverse inference instruction, its employees should be permitted to testify regarding

8   the content of video to rebut the adverse inference.

9                                        **DISCUSSION**

10       There are two sources of authority under which a court can sanction a party for spoliation of

11  evidence – its inherent authority or Rule 37.  *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir.

12  2006).  Regardless of whether it is under Rule 37 or its inherent authority, a federal court applies

13  federal law when addressing issues of spoliation of evidence.  *Glover v. BIC Corp.*, 6 F.3d 1318,

14  1329 (9ᵗʰ Cir. 1993) (applying federal law when addressing spoliation in diversity litigation)); *see*

15  *also e.g.*, *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009); *Silvestri v. Gen. Motors Corp.*, 271

16  F.3d 583, 590 (4th Cir. 2001); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999);

17  *King v. Ill. Cent. R. R.*, 337 F.3d 550, 556 (5th Cir. 2003).  Here, Aiello requests that the Court

18  exercise its inherent authority and enter an order (1) for an adverse inference instruction based upon

19  Food 4 Less' failure to retain the video surveillance of the disputed events and (2) precluding Food

20  4 Less from offering testimony from its employees regarding the content of the video.

21       "A federal trial court has the inherent discretionary power to make appropriate evidentiary

22  rulings in response to the destruction or spoliation of relevant evidence."  *Glover*, 6 F.3d at 1329.

23  The Court's broad authority includes the power to permit an adverse inference from the spoliation

24  of relevant evidence against the spoliating party.  *See Akiona v. United States*, 938 F.2d 158, 161 (9th

25  Cir. 1991).  "An adverse inference is an instruction to the trier of fact that 'evidence made

26  unavailable by a party was unfavorable to that party.'"  *Lewis v. Ryan*, 261 F.R.D. 513, 521 (S.D.

27  Cal. 2009).  The Ninth Circuit has explained:

28       [t]he adverse inference sanction is based on two rationales, one evidentiary

and one not.  The evidentiary rationale is nothing more than the common sense observation that a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document....  The other rationale for the inference has to do with its prophylactic and punitive effects.  Allowing the trier of fact to draw the inference presumably deters parties from destroying relevant evidence before it can be introduced at trial.

*Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).  A finding of bad faith is not a prerequisite for an adverse inference.  *Glover*, 6 F.3d at 1329.

The question in this case is not whether the surveillance video was relevant but, whether Food 4 Less had sufficient notice of the claim, or potential claim, so that its duty to preserve the surveillance video was triggered.  A party is guilty of spoliation of evidence only if it had "some notice that the [evidence was] potentially relevant to the litigation."  *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002) (citation omitted).  Spoliation is not limited to circumstances arising after a case is filed or a discovery request is made.  Rather, "[s]anctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to ... potential litigation."  *Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, --- F.R.D. ---, 2010 WL 1266926 (E.D. Cal.); *see also United States v. Maxxam, Inc.*, 2009 WL 817264 (N.D. Cal.) (citing *Wm. Thomas Co. v. General Nutrition Corp., Inc.*, 593 F.Supp. 1443, 1455 (C.D. Cal. 1984)); *Graham v. Teledyne-Continental Motors*, 805 F.2d 1386, 1390 n. 9 (9th Cir. 1987) (citing with approval *Bowmar Instrument Corp. v. Texas Instruments, Inc.*, 25 Fed. R. Serv. 423, 427 (N.D. Ind. 1977) for the proposition that sanctions are appropriate where party destroyed evidence it should have known would be relevant in future litigation).

Although the Ninth Circuit has not expressly defined the term "potential litigation" in this context, it is widely accepted that, as a general rule, a party has a "duty to preserve evidence when it knows or reasonably should know the evidence is relevant and when prejudice to an opposing party is foreseeable."  *Ryan*, 261 F.R.D. at 518 (citation omitted); *see also Performance Chevrolet, Inc. v. Market Scan Info. Sys.*, 2006 WL 1042359 (D. Idaho) ("The majority of courts have held that pre-litigation destruction can constitute spoliation when litigation was reasonably foreseeable...."). The duty to preserve evidence arises when a party has notice of a potential claim.  *E.g., Taylor v.*

1     *Market Transport Ltd*., 2010 WL 959931 (W.D. Wash.); *Realnetworks, Inc. v. DVD Copy Control*

2     *Ass'n, Inc.*, --- F.R.D. ---, 2009 WL 1258970 (N. D. Cal.); *Hynix Semoconductor Inc. v. Rambus Inc.*,

3     591 F.Supp.2d 1038 (N.D. Cal. 2006).

4        Unfortunately, the record is silent as to when the surveillance video was "lost" in relation

5     to when the litigation actually began.  However, immediately after the incident, Aiello filled out an

6     accident report which, arguably, is sufficient to put Food 4 Less on notice of potential litigation.

7     Moreover, a Food 4 Less store manager extracted, reviewed, and sent the surveillance video to the

8     Risk Management Department at Food 4 Less' corporate headquarters.  She testified during her

9     deposition that she sent the video because she was aware of the incident and of the alleged injuries

10     because she "knew it [the surveillance video] would cover us ...."  *See* Exhibit B attached to

11     Defendant's Response (#25).  Based on this record, the Court finds that Food 4 Less, at a minimum,

12     had notice of the potential litigation at the time the video was sent to its corporate headquarters. This

13     triggered its duty to preserve the video.

14        Nevertheless, Food 4 Less' contends that an adverse inference is inappropriate because it did

15     not wilfully suppress or destroy the evidence.  The loss or destruction of evidence qualifies as willful

16     spoliation if the party "'has some notice that the documents were potentially relevant to the

17     litigation'" before they were lost.  *Leon v. IDX Systems Corp*. 464 F.3d 951, 959 (9th Cir. 2006)

18     (citing *Kitsap Physicians Serv.*, 314 F.3d at 1001).  Food 4 Less' failure to preserve the surveillance

19     video, although perhaps not in bad faith, certainly qualifies as "willful" in these circumstances.

20     Accordingly, the Court will grant the request for an adverse inference.

21        The Court also rejects Food 4 Less' alternative argument that, even in the face of an adverse

22     inference instruction, it should not be precluded from offering testimony from its employees who

23     viewed the surveillance video and wish to testify regarding the content of the video.  Food 4 Less'

24     "loss" of the surveillance video is undisputed.  As a consequence, Aiello was never given the

25     opportunity to inspect the video and any testimony from the spoliating party regarding the content

26     of the video would be unreliable and unfairly prejudicial.  *See Unigard Sec. Ins. Co. v. Lakewood*

27     *Engineering & Mfg. Corp*, 982 F.2d 363, 369 (9th Cir. 1992) (upholding the exclusion of expert

28     testimony based upon improperly destroyed evidence).  Although this might make Food 4 Less'

1   defense of the case more difficult, the sanction is not, as suggested by Food 4 Less, insurmountable.

2   Food 4 Less is not precluded from presenting testimony regarding its version of the event, but, under

3   the circumstances, will have to do so without reference to the surveillance video.

4          Based on the foregoing, and good cause appearing therefore,

5          IT IS HEREBY ORDERED that Plaintiff William Aiello's Motion for Spoliation of

6   Evidence (#23) is **GRANTED**.  The Court will provide an adverse inference instruction against

7   Defendant Food 4 Less for its failure to retain the surveillance video of the alleged incident.

8          IT IS FURTHER ORDERED that Defendant Food 4 Less is precluded from offering

9   testimony from any witness regarding the content of the surveillance video during trial.

10          DATED this  1st  day of September, 2010.

11

12

13                                          _____
                                            ROBERT J. JOHNSTON
14                                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28